**RCC**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
**FEBRUARY 1, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **PATRICE WARR, WHEELER WARR,** and **JENNIFER SMITH**, individually and on behalf all others similarly situated, </br></br>  Plaintiffs, </br></br> v. </br></br> **OPTION ONE MORTGAGE CORPORATION,** a California corporation, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**08 C 726**

**JURY TRIAL REQUESTED**
**CLASS ACTION**

**JUDGE KENNELLY**
**MAGISTRATE JUDGE VALDEZ**

### COMPLAINT FOR VIOLATION OF TRUTH IN LENDING ACT

Now Comes Plaintiffs PATRICE WARR, WHEELER WARR, and JENNIFER SMITH individually and on behalf all others similarly situated, by and through their attorney, Lloyd Brooks, to complain against the above captioned defendant as follows:

### Nature of the Action

1. Plaintiffs bring this action on behalf of a class of individuals against the mortgage lender for its violation of the Truth in Lending Disclosure Act by failing to properly disclose its security interest in personal property in connection with a federally related real estate mortgage transaction.

### Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States.

3. This Court has jurisdiction over the defendant as it is doing business in this State and have availed itself of the State's benefits and protections.

4. Venue is proper in this Court as the defendant resides within this judicial district and a substantial portion of the events giving rise to this action occurred within this judicial district.

5. **Option One Mortgage Corporation** ("Option One") is a California corporation with its principal place of business located in Irvine, California and does business in the State of Illinois with offices located in Rolling Meadows, Illinois. Option One originates consumer loans secured by owner occupied residential real estate of 1 to 4 units. Option One originated more than 25 such loans in the year of 2006.

## Facts Supporting Claim

**The Warrs' Loan Transaction**

6. Patrice and Wheeler have owned their home located at 5245 S. Hermitage in Chicago, Illinois before 1993.

7. On July 23, 2007 the Warrs entered into a consumer loan transaction with Option One to refinance the mortgage on their home in the amount of $160,000.

8. In connection with this loan transaction the Warrs executed or received the following documents:

   a) "1 – 4" Family Rider, attached to this Complaint as Exhibit A; and
   b) Federal Truth In Lending Disclosure Statement, attached to this Complaint as Exhibit B.

**Jennifer Smith's Loan Transaction**

9. Jennifer Smith has owned her home located at 14722 Kenwood Avenue in Dolton, Illinois since 1993.

10. On April 9, 2007 Jennifer entered into a consumer loan transaction with Option One to refinance the mortgage on the property in the amount of $117,000.

11. In connection with this loan transaction Jennifer executed or received the following documents:

   a) "1 – 4" Family Rider, attached to this Complaint as Exhibit C; and

      b)    Federal Truth In Lending Disclosure Statement, attached to this Complaint as Exhibit D.

**Option One's Failure to Disclose Its Security Interest In Plaintiff's Personal Property**

12.    The "1 – 4 Family Rider" creates a security interest in personal property that is not part of the real estate.

13.    No such security interest is disclosed on the Truth in Lending Disclosures that were provided to plaintiffs.

14.    The non disclosure of the security interest in personal property on the Truth in Lending Disclosures of Plaintiffs and the members of the class defined below violates 15 U.S.C. §1637 and 12 C.F.R. §226.18.

**Class Allegations**

15.    Plaintiffs bring this claim on behalf of a class. The class consists of (a) all natural persons residing in the United States (b) who signed a mortgage with Option One, (c) that takes a security interest in personal property by means of a one-to-four family rider not limited to fixtures, (d) on or after a date one year prior to the filing of this action.

16.    The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 member of the class.

17.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the failure to disclose the security interest violated TILA.

18.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

19.  Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit cases.

20.  A class action is superior to the alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Patrice Warr, Wheeler Warr, and Jennifer Smith and the class members and against defendant for (a) statutory damages, (b) an award of reasonable attorney's fees and litigation costs, and (c) other relief this Court deems reasonable and just.

Respectfully Submitted,

_____
Plaintiff's Attorney

State Bar No. 6271994
Lloyd J. Brooks
The Brooks Law Firm
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
*Attorney for Plaintiffs*

## JURY TRIAL REQUESTED

Plaintiffs seek a trial by jury for all of their claims.

_____
Lloyd Brooks