Loan Number: 521060490   Servicing Number: 002330596-4   Date: 07/23/07

## 1-4 FAMILY RIDER
### Assignment of Rents

THIS 1-4 FAMILY RIDER is made   July 23, 2007   , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to
        Option One Mortgage Corporation, a California Corporation
(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

        5245 S HERMITAGE AVE,   CHICAGO, IL 60609-5724
                               (Property Address)

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A.   **ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items are added to the Property description, and shall also constitute the Property covered by the Security Instrument: Building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, panelling and attached floor coverings now or hereafter attached to the Property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

B.   **USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

C.   **SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

D.   **RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Covenant 5.

E.   **"BORROWER'S RIGHT TO REINSTATE" DELETED.** Covenant 18 is deleted.

F.   **BORROWER'S OCCUPANCY.** Unless lender and Borrower otherwise agree in writing, the first paragraph in Covenant 6 concerning Borrower's occupancy of the property is deleted. All remaining

MULTISTATE 1-4 FAMILY RIDER

Exhibit A

Loan Number: 521060490    Servicing Number: 002330596-4    Date: 07/23/07

Covenants and agreements set forth in Covenant 6 shall remain in effect.

G.    **ASSIGNMENT OF LEASES.** Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph F, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

H.    **ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.**
Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of its intention to receive Rents after a default by borrower under the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of its intention to receive Rents to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Covenant 7.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This Assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

I.    **"ASSIGNMENT OF RENTS" MODIFIED.** Any Covenant of the Security Instrument granting an Assignment of Rents to Lender is superseded by this Rider.

J.    **CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

**MULTISTATE 1-4 FAMILY RIDER**

Loan Number: 521060490    Servicing Number:  002330596-4    Date:  07/23/07

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this 1-4 Family Rider.

_____    _____
WHEELER WILSON WARR       Borrower                                  Borrower

_____    _____
PATRICE JACKSON-WARR      Borrower                                  Borrower

_____    _____
                          Borrower                                  Borrower

Loan Number: 521060490     Servicing Number: 002330596-4     Date: 07/23/07

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
## (REAL ESTATE)

Provisions proceeded by a box (☐), are applicable only if the box is marked.

☐ **PRELIMINARY**     ☒ **FINAL**

**LENDER (Creditor):** Option One Mortgage Corporation
3800 Golf Road, Suite 360
Rolling Meadows, IL  60008

**Borrower(s) Name(s):** WHEELER WILSON WARR
PATRICE  JACKSON-WARR

**Loan Type:** CONVENTIONAL
**Loan Program:** 341

**Address:** 5245 S HERMITAGE AVE
CHICAGO, IL  60609-5724
**Property Address:** 5245 S HERMITAGE AVE
CHICAGO, IL  60609-5724

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 10.812 % | $367,304.57 | $154,149.65 | $521,454.22 |

**YOUR PAYMENT SCHEDULE WILL BE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|

36 payments of $1,447.46 monthly, beginning Sep 01, 2007
323 payments of $1,448.60 monthly, beginning Sep 01, 2010
1 payment of $1,447.86 on Aug 01, 2037

**VARIABLE RATE:**
☒ This transaction is subject to a Variable-Rate Feature. Disclosures about Variable-Rate Feature have been provided to you earlier.

The current index used for this calculation is  5.387%  .

**SECURITY:**
You are giving a security interest in the Property located at: 5245 S HERMITAGE AVE
CHICAGO, IL  60609-5724

**LATE CHARGE:**
If you are more than   FIFTEEN   days late in making any payment, you will pay a late charge of
☐ the lesser of   ☐ the greater of   ☒ an amount equal to   ☐ $_____   ☐ 5.000 %
of the overdue payment of principal and interest.

**INSURANCE:**
You may obtain property insurance from anyone you want that is acceptable to Lender.

**FILING/RECORDING FEE:**
☒ $ 120.00

**PREPAYMENT:**
If you pay off early, you
☐ may     ☒ will not     have to pay a fee.
☐ may     ☒ will not     be entitled to a refund of part of the finance charge.

**ASSUMPTION:**
Someone buying your home,
☐ cannot assume the remainder of the mortgage on the original terms.
☒ may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and penalties, and creditor's policy regarding assumption of the obligation.
"e" means estimate

☐ Please refer to the "Good Faith Estimate" for an Itemization of Amount Financed.
☒ Please refer to the Itemization of Amount Financed Statement.

I/We have received and read a copy of this disclosure and the documents referred to in this disclosure.

_Wheeler Wilson Warr_  08/23-07
**Borrower** WHEELER WILSON WARR     **Date**

_Patrice Jackson-Warr_  07-23-07
**Borrower** PATRICE JACKSON-WARR    **Date**

**Borrower**     **Date**

**Borrower**     **Date**

**Borrower**     **Date**

Exhibit B

Loan Number: 521057026    Servicing Number: 002306373-8    Date: 04/09/07

## 1-4 FAMILY RIDER
### Assignment of Rents

THIS 1-4 FAMILY RIDER is made April 09, 2007, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to
   Option One Mortgage Corporation, a California Corporation
(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

14722  KENWOOD AVE,  DOLTON, IL 60419-2425
(Property Address)

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A.    ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items are added to the Property description, and shall also constitute the Property covered by the Security Instrument: Building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, panelling and attached floor coverings now or hereafter attached to the Property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B.    USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C.    SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D.    RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Covenant 5.

**E.    "BORROWER'S RIGHT TO REINSTATE" DELETED.** Covenant 18 is deleted.

**F.    BORROWER'S OCCUPANCY.** Unless lender and Borrower otherwise agree in writing, the first paragraph in Covenant 6 concerning Borrower's occupancy of the property is deleted. All remaining

MULTISTATE 1-4 FAMILY RIDER
Page 1 of 3                                                                       USR1001.wp (11-19-04)



Loan Number: 521057026   Servicing Number: 002306373-8   Date: 04/09/07

Covenants and agreements set forth in Covenant 6 shall remain in effect.

G.   ASSIGNMENT OF LEASES. Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph F, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

H.   ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION. Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of its intention to receive Rents after a default by borrower under the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of its intention to receive Rents to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Covenant 7.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This Assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

I.   "ASSIGNMENT OF RENTS" MODIFIED. Any Covenant of the Security Instrument granting an Assignment of Rents to Lender is superseded by this Rider.

J.   CROSS-DEFAULT PROVISION. Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

MULTISTATE 1-4 FAMILY RIDER

Loan Number: 521057026  Servicing Number: 002306373-8  Date: 04/09/07

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this 1-4 Family Rider.

_____  _____
JENNIFER SMITH          Borrower                          Borrower

_____  _____
                        Borrower                          Borrower

_____  _____
                        Borrower                          Borrower

Loan Number: 521057026        Servicing Number: 002306373-8        Date: 04/09/07

## FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (REAL ESTATE)

Provisions proceeded by a box (☐), are applicable only if the box is marked.

☐ PRELIMINARY    [X] FINAL

LENDER (Creditor): Option One Mortgage Corporation
3800 Golf Road, Suite 360
Rolling Meadows, IL  60008

Borrower(s) Name(s): JENNIFER  SMITH

Address: 456  OGLESBY AVE #1
CALUMET CITY, IL  60409-2233

Loan Type: CONVENTIONAL
Loan Program: 691

Property Address: 14722  KENWOOD AVE
DOLTON, IL  60419-2425

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 10.797 % | $271,830.12 | $113,469.14 | $385,299.26 |

YOUR PAYMENT SCHEDULE WILL BE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 359 payments of $1,070.24 monthly, beginning Jun 01, 2007 | | |
| 1 payment of $1,083.10 on May 01, 2037 | | |

**VARIABLE RATE:**
[X] This transaction is subject to a Variable-Rate Feature. Disclosures about Variable-Rate Feature have been provided to you earlier.

The current index used for this calculation is __5.332%__.

**SECURITY:**
You are giving a security interest in the Property located at: 14722  KENWOOD AVE
DOLTON, IL  60419-2425

**LATE CHARGE:**
If you are more than  FIFTEEN  days late in making any payment, you will pay a late charge of
☐ the lesser of   ☐ the greater of   [X] an amount equal to   ☐ $_____   ☐ __5.000__ %
of the overdue payment of principal and interest.

**INSURANCE:**
You may obtain property insurance from anyone you want that is acceptable to Lender.

**FILING/RECORDING FEE:**
☐ $_____

**PREPAYMENT:**
If you pay off early, you
☐ may    [X] will not    have to pay a fee.
☐ may    [X] will not    be entitled to a refund of part of the finance charge.

**ASSUMPTION:**
Someone buying your home,
☐ cannot assume the remainder of the mortgage on the original terms.
[X] may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and penalties, and creditor's policy regarding assumption of the obligation.
"e" means estimate

☐ Please refer to the "Good Faith Estimate" for an Itemization of Amount Financed.
[X] Please refer to the Itemization of Amount Financed Statement.

I/We have received and read a copy of this disclosure and the documents referred to in this disclosure.

_____
Borrower   JENNIFER   SMITH                Date

_____
Borrower                                    Date

_____
Borrower                                    Date

_____
Borrower                                    Date

_____
Borrower                                    Date

_____
Borrower                                    Date

Page 1 of 1

Exhibit D

USD0501.wp (12-16-04)