IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICE WARR, ET AL., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 726 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| OPTION ONE MORTGAGE CORPORATION, | ) | Magistrate Judge Valdez |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT OPTION ONE MORTGAGE CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Option One Mortgage Corporation (*"Option One"*), by and through its attorneys, Chapman and Cutler LLP, hereby submits its answer and affirmative defenses to Plaintiff's Complaint as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this action on behalf of a class of individuals against the mortgage lender for its violation of the Truth in Lending Disclosure Act by failing to properly disclose its security interest in personal property in connection with a federally related real estate mortgage transaction.

**ANSWER:** Option One admits that Plaintiff purports to assert claims against Option One based on violations of the Truth in Lending Act (*"TILA"*). Option one denies that it violated TILA. Option One further denies each and every remaining allegation contained in Paragraph 1.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States.

**ANSWER:** Option One admits that this Court has subject matter jurisdiction over this matter.

3. This Court has jurisdiction over the defendant as it is doing business in this State and have availed itself of the State's benefits and protections.

**ANSWER:** Option One admits that this Court has jurisdiction over Option One.

4. Venue is proper in this Court as the defendant resides within this judicial district and a substantial portion of the events giving rise to this action occurred within this judicial district.

**ANSWER:** Option One admits that venue is proper in this Court.

5. OPTION ONE MORTGAGE CORPORATION (*"Option One"*) is a California corporation with its principal place of business located in Irvine, California and does business in the State of Illinois with offices located in Rolling Meadows, Illinois. Option One originates consumer loans secured by owner occupied residential real estate of 1 to 4 units. Option One originated more than 25 such loans in the year of 2006.

**ANSWER:** Option One admits that it is a California corporation with its principal place of business in California and that it originated more than 25 loans secured by owner occupied residential real estate of 1 to 4 units in 2006. Option One denies the remaining allegations of Paragraph 5.

**FACTS SUPPORTING CLAIM**

**The Warrs' Loan Transaction**

  6. Patrice and Wheeler have owned their home located at 5245 S. Hermitage in Chicago, Illinois before 1993.

**ANSWER:** Option One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies the allegations.

  7. On July 23, 2007 the Warrs entered into a consumer loan transaction with Option One to refinance the mortgage on their home in the amount of $160,000.

**ANSWER:** Option One admits that on July 23, 2007, the Warrs obtained a $160,000 loan from Option One. Option One lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 7, and therefore denies the remaining allegations.

  8. In connection with this loan transaction the Warrs executed or received the following documents:

    (a) "1- 4" Family Rider, attached to this Complaint as Exhibit C; and

    (b) Federal Truth In Lending Disclosure Statement, attached to this Complaint as Exhibit D.

**ANSWER:** Option One admits the allegations contained in Paragraph 8.

### JENNIFER SMITH'S LOAN TRANSACTION

9. Jennifer Smith has owned her home located at 14722 Kenwood Avenue in Dolton, Illinois since 1993.

**ANSWER:** Option One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore denies the allegations.

10. On April 9, 2007 Jennifer entered into a consumer loan transaction with Option One to refinance the mortgage on the property in the amount of $117,000.

**ANSWER:** Option One admits that on April 9, 2007, Jennifer Smith obtained a $117,000 loan from Option One. Option One denies the remaining allegations contained in Paragraph 10.

11. In connection with this loan transaction Jennifer executed or received the following documents:

   (a) "1- 4" Family Rider, attached to this Complaint as Exhibit C; and

   (b) Federal Truth In Lending Disclosure Statement, attached to this Complaint as Exhibit D.

**ANSWER:** Option One admits the allegations contained in Paragraph 11.

### OPTION ONE'S FAILURE TO DISCLOSE
### ITS SECURITY INTEREST IN PLAINTIFF'S [SIC] PERSONAL PROPERTY

12. The "1 - 4" Family Rider creates a security interest in personal property that is not part of the real estate.

**ANSWER:** Option One denies the allegations contained in Paragraph 12.

13. No such security interest is disclosed on the Truth in Lending Disclosures that were provided to plaintiffs.

**ANSWER:** Option One denies the allegations contained in Paragraph 13.

14. The non disclosure of the security interest in personal property on the Truth in Lending Disclosures of Plaintiffs and the members of the class defined below violates 15 U.S.C. §1637 and 12 C.F.R. §226.18.

**ANSWER:** Option One denies the allegations contained in Paragraph 14.

**Class Allegations**

15. Plaintiffs bring this claim on behalf of a class. The class consists of (a) all natural persons residing in the United States (b) who signed a mortgage with Option One, (c) that takes a security interest in personal property by means of a one-to-four family rider not limited to fixtures, (d) on or after a date one year prior to the filing of this action.

**ANSWER:** Option One admits that Plaintiff purports to bring this case on behalf of a class.

Option One denies the remaining allegations contained in Paragraph 15.

16. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 member of the class.

**ANSWER:** Option One denies the allegations of Paragraph 16.

17. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the failure to disclose the security interest violated TILA.

**ANSWER:** Option One denies the allegations of Paragraph 17.

18. Plaintiffs claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:** Option One denies the allegations of Paragraph 18.

19. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit cases.

**ANSWER:** Option One denies the allegations of Paragraph 19.

20. A class action is superior, to the alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**ANSWER:** Option One denies the allegations of Paragraph 20.

**DEFENDANT OPTION ONE MORTGAGE CORPORATION'S AFFIRMATIVE DEFENSES**

Defendant Option One submits the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Option One and further fails to state facts sufficient to entitle the Plaintiffs to the relief sought, or any other relief from Option One.

**SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiffs seek any relief based on or arising out of any term in the agreements they entered into with Option One, including by not limited to, the 1-4 Family Rider, Plaintiffs are barred from doing so in that they were in default of those agreements because they made material misrepresentations and/or omitted to provide material information during the loan application process.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Option One acted in good faith conformity with the applicable rules, regulations and/or interpretations of TILA and Regulation Z by the Federal Reserve Board.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel and/or waiver.

EIGHTH AFFIRMATIVE DEFENSE

Option One reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and factual developments in the case.

WHEREFORE, Defendant Option One Mortgage Corporation prays as follows:

(1) That the Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit herein incurred;

(3) For such other and further relief as the Court may deem just and proper.

Dated: April 16, 2008.

Respectfully submitted,

OPTION ONE MORTGAGE CORPORATION

By  /s/ Dianne E. Rist
    One of Its Attorneys

Dianne E. Rist
S. Todd Sipe
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
(312) 845-3000

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 16, 2008, a copy of the foregoing Defendant Option one Mortgage Corporation's Answer and Affirmative Defenses was filed electronically. Notice of filing will be sent to the following parties by operation of the Court's electronic filing system. Parties and interested persons may access this filing through the Court's system.

> Lloyd J. Brooks
> The Brooks Law Firm
> 15008 Woodlawn Avenue
> Dolton, Illinois 60419

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Dianne E. Rist*
　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys